[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2959
Plaintiff, The Recovery Alliance, Inc., appeals the decision of the Division of Special Revenue of the Department of Revenue Services (Division) which revoked the plaintiff's permit to conduct a raffle and imposed civil penalties of $600. The decision also provided that the Division "will not entertain future applications for bazaar or raffle permits" from the plaintiff for a three year period. The Division acted pursuant to General Statutes 7-181. The plaintiff's appeal is authorized by General Statutes 4-183. The court finds the decision was in error and remands the case for further proceedings.
Certain essential facts are not in dispute. The Division issued the plaintiff a permit to conduct a Class 6 Raffle by the sale of tickets between March 28, 1991 and December 28, 1991. The "Grand Prize" was to be a restored 1957 "E" Series Thunderbird automobile. The plaintiff sold what proved to be the winning ticket to Mr. Joel File at an auto show in Rhinebeck, New York, on May 5, 1991. The plaintiff held the drawing for the winning ticket on December 28, 1991, and notified File that he was the winner on December 29.
Following a hearing on alleged violations of the relevant statutes and regulations, the Division issued a decision setting forth findings of fact, conclusions of law, and the penalties indicated above. In addition to the undisputed facts, the Division found that the plaintiff never performed the necessary restoration work on the automobile so that it was never able effectively to award the prize to Mr. File within the nine month period required by the applicable statute, General Statutes 7-175. The Division concluded that the plaintiff violated Regulations of State Agencies 7-185-2a; General Statutes 7-172; and General Statutes7-175. Those sections read, in pertinent part, as follows:
 (Gen. Stats. 7-172: . . . any sponsoring organization having received a permit from any municipality may sell or promote the sale of such raffle tickets in that municipality and in any other town, city or borough which has adopted the provisions of section 7-170 to 7-186, inclusive. . . .
 Regulations 7-185-2a: No bazaar or raffle shall be promoted, operated or conducted in any municipality which has not adopted the provisions of the bazaars and raffles act. Gen. Stats. 7-175: "Class No. 6" permits shall allow the CT Page 2960 operation of a raffle which shall be consummated within nine months of the granting of the permit and the aggregate value of the prize or prizes offered shall be not more than one hundred thousand dollars.
The Division's finding that the plaintiff did not award the prize within the required nine month period is supported by considerable substantial evidence in the record, which showed that the automobile was never adequately restored. This consisted of testimony of Mr. File and others, as well as photographs of various parts of the automobile showing disrepair and deterioration. Although the plaintiff offered testimony in opposition, the Division was entitled to decide the factual issues. "Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). The plaintiff's appeal on the violation of General Statutes 7-175
cannot be sustained.
With respect to the sale of the raffle ticket in New York, the Division argues that General Statutes 7-172 and Regulations 7-185-2a, quoted above, affirmatively prohibit a permittee from selling tickets outside Connecticut. Any such sale, it argues, constitutes a violation of those provisions which is punishable under Connecticut law. The court disagrees.
An analysis of the general statutory and regulatory scheme begins with General Statutes 7-171. This allows "[a]ny town, city or borough" to adopt by ordinance the provisions of the bazaar and raffle law, being General Statutes 7-172 et seq. As quoted above, General Statutes 7-172 then provides that any permit holder "may sell or promote the sale of . . . raffle tickets . . . in any . . . town, city or borough which has adopted" the provisions of the raffle law. (Emphasis added.) The regulation in question, 7-185-2a, prohibits a permittee from selling tickets in "any municipality which has not adopted the provisions of the bazaars and raffles act."
The statutes and regulations set forth above, which form the basis of the Divisions' decision, contain no explicit prohibition against the sale of tickets outside this state. The prohibition concerning "any municipality which has not adopted the provisions CT Page 2961 of the bazaars and raffles act" in Regulations 7-185-2a refers only to Connecticut municipalities. See General Statutes 7-171, which sets forth the procedure a municipality must follow to adopt the act and which obviously applies only to Connecticut municipalities. That regulation, therefore, explicitly prohibits the sale of raffle tickets only in certain Connecticut municipalities. It does not explicitly prohibit the sale of such tickets in foreign jurisdictions.
The clear intent of the statute in question, 7-172, is to permit the sale of tickets in certain Connecticut municipalities, not to prohibit such sale in foreign jurisdictions. As counsel for the Division points out in its brief, the sale of raffle tickets in Connecticut is generally prohibited by anti-gambling statutes, and the bazaars and raffles act provides a permissible special exception to this general prohibition. However, the anti-gambling statutes, General Statutes 53-278a et seq., only regulate conduct in Connecticut, not foreign jurisdictions. The effect of this statute, therefore, is to permit the sale of raffle tickets in certain Connecticut municipalities where such sales would be otherwise prohibited.
There is no evidence in the record, nor does the Division argue that the sale of the raffle ticket to Mr. File in New York was illegal under New York law.
Finally, the Division offers no precedent or other authority for its interpretation of the statutes and regulation in question as prohibiting a Connecticut permittee from selling a raffle ticket outside Connecticut. In particular, the Division does not indicate any legal basis for its purported extra-territorial authority to penalize the plaintiff for conduct which took place entirely within the state of New York.
Based on all of the considerations set forth above, the court concludes that the Division erroneously applied the provisions of General Statutes 7-172 and Regulations 7-185-2a to the sale by the plaintiff of a raffle ticket in New York. Since the monetary penalty at least was predicated on the violation of those provisions and since the revocation of the plaintiff's permit may have been based on that erroneous interpretation, the case must be remanded to the Division for a review and modification of the penalty on the remaining violation.
The appeal is sustained and the case is remanded to the Division for further proceedings. CT Page 2962